# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# NORTHERN DIVISION

| | | |
|---|---|---|
| NATHANIEL FLENNORY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:12CV90 CDP |
| | ) | |
| ROBERT DAWSON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff (registration no. 266000), an inmate at Jefferson City Correctional Center, for leave to commence this action without payment of the required filing fee [Doc. #2]. For the reasons stated below, the Court finds that the plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $35.46. See 28 U.S.C. § 1915(b)(1). Furthermore, after reviewing the complaint, the Court will partially dismiss the complaint and will order the Clerk to issue process or cause process to be issued on the non-frivolous portions of the complaint.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must

assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $177.29, and an average monthly balance of $33.52. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $35.46, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or

fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Id. at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. Id. at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." Id. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." Id. at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's conclusion is the most plausible or whether it is more likely that no misconduct occurred. Id. at 1950, 51-52.

**The Complaint**

Plaintiff, an inmate at Jefferson City Correctional Center ("JCCC") brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights. Named as defendants are several Macon County Missouri officials: Robert Dawson (Sheriff); David Moore (Jail Administrator); Alan Wyatt (Presiding Commissioner); Drew Belt (Commissioner); and Jon Dwiggins (Commissioner). Plaintiff names all of the defendants in both their individual and official capacities.

Plaintiff alleges that in July of 2010 he was being held in Macon County Jail. He claims that prior to July 10, 2010, he was being medicated for mental health problems. He asserts that the administrators at the jail, or defendants Moore and Dawson, "ran out" of plaintiff's medication and were deliberately indifferent to his serious mental health/medical needs when they failed to refill the medication.

Plaintiff further claims that his attorney, Cora Clampitt, repeatedly told defendants Dawson and Moore that plaintiff needed mental health attention but that defendants failed to get him the required treatment or monitor him properly. Plaintiff asserts that he had "an extensive record of attempting suicide," and on July 10, 2010, while in his "unsecured jail cell" at the Macon County Jail he swallowed razor blades in an attempt to take his own life. He asserts that "defendant David Moore failed to secure the unmedicated Nathaniel Flennory in a secure jail cell and left him

unsupervised in an unmonitored jail pod." Plaintiff claims that it was a custom or practice at Macon County Jail to fail to secure or supervise those who were at high risk of suicide. He further claims that defendant Dawson and Moore were aware, or should have been aware, that plaintiff was at high risk for suicide.

Plaintiff claims that Commissioners Wyatt, Belt and Dwiggins, either by their affirmative acts or omissions, had in place policies, practices or procedures that violated or led to the aforementioned violations of plaintiff's constitutional rights. He claims that these defendants additionally failed to train or supervise defendants Moore and Dawson and their failures to include training and supervision on such policies as the requirements for mental health and medical needs for pretrial detainees resulted in a deliberate indifference to plaintiff's constitutional rights which put him at risk for suicide.

**Discussion**

The Court will order the Clerk to issue process on plaintiff's individual capacity claims against defendants Dawson and Moore for deliberate indifference to his serious medical needs due to their failure to refill his mental health prescriptions and provide him with proper treatment, in addition to their alleged failure to secure him in a monitored jail cell due to his history of mental illness/suicide risk. The Court will also order the Clerk to issue process against defendants Dawson and

Moore in their official capacities based on plaintiff's allegations that it was a custom or practice in Macon County (or at Macon County Jail) to fail to secure or supervise those who were at high risk of suicide.

Furthermore, the Court will order the Clerk to issue process on plaintiff's allegations against Commissioners Wyatt, Belt and Dwiggins, in their individual capacities, as to the allegations that these defendants failed to train or supervise defendants Moore and Dawson regarding the mental health and medical needs of pretrial detainees and other inmates who were suicide risks. The Court also requires the Clerk to issue process on plaintiff's claims against defendants Wyatt, Belt and Dwiggins, regarding the need for policies, practices and procedures for monitoring or securing those inmates at risk for suicide. Plaintiff's claims against defendant Commissioners Wyatt, Belt and Dwiggins in their official capacities are, however, dismissed. Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits).

Last, plaintiff's motion for appointment of counsel will be denied at this time. Plaintiff has done a good job articulating his claims before the Court, and it does not appear that the claims are so complex as to need counsel to pursue the claims at this time. As such, the motion for appointment of counsel will be denied without

prejudice. See Nelson v. Redfield Lithograph Printing, 728 F.2d 1003, 1004 (8th Cir. 1984).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $35.46 within thirty (30) days of the date of this Order.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that if plaintiff fails to pay the initial partial filing fee within thirty (30) days of the date of this Order, then this case will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint as to plaintiff's claims against defendants Dawson, Moore, Wyatt, Belt and Dwiggins in their individual capacities.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint as to plaintiff's claims against defendants Dawson and Moore in their official capacities.

**IT IS FURTHER ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), defendants Dawson, Moore, Wyatt, Belt and Dwiggins shall reply to plaintiff's claims within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint as to defendants Wyatt, Belt and Dwiggins in their official capacities because, as to these claims, the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #4] is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that this case is assigned to Track 5B: Prisoner Standard.

An appropriate Order of Partial Dismissal shall accompany this Memorandum and Order.

Dated this 9th day of July, 2013.

                                                                     /s/ Catherine D. Perry
                                                                     CATHERINE D. PERRY
                                                                     UNITED STATES DISTRICT JUDGE